UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DANNY LEE MAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-55-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KAREN CONRAD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Plaintiff Danny Lee May's motion for injunctive relief [Record No. 7] and his motion for production of discovery [Record No. 8]. Having reviewed the record, both requests will be denied.

**Relevant Facts**

The plaintiff is currently confined at the Luther Luckett Correctional Complex in the Western District of Kentucky. On July 7, 2010, he filed this action, naming as defendants: (i) Karen Conrad, the Circuit Judge of the Henry Circuit Court; (ii) Carey Duncan, a detective employed by the Eminence, Kentucky Police Department; (iii) Courtney Baxter, an Assistant Commonwealth Attorney for Henry County; and (iv) Elizabeth Curtain, an Assistant Public Advocate with the Department of Public Advocacy, LaGrange Branch. May has sued all named defendants in their individual capacities.

This civil action stems from charges which include rape, sodomy, kidnaping, sexual abuse, and intimidating a witness. May alleges that these charges were brought following claims

-1-

that he raped his sister-in-law on or about December 26, 2005. May was arraigned in the Henry Circuit Court on February 16, 2006. He claims that, during this proceeding, a number of his constitutionally-protected rights were violated. More specifically, he asserts that, during grand jury proceedings, Defendant Duncan committed perjury by submitting three inconsistent statements from the alleged victim. He also alleges that the Assistant Commonwealth Attorney, Courtney Baxter, improperly filed a motion under Rule 404(b) of the Kentucky Rules of Evidence and failed to provide a complete copy of an unpublished opinion which was cited as authority. May also contends that his attorney, Elizabeth Curtain, waived his presence at a hearing held on August 2, 2006, without his authority.

May apparently entered a guilty plea to several charges on August 24, 2006. However, he alleges that this plea was coerced and that he was never advised of his right to appeal his conviction or an earlier decision of Judge Conrad which would have allowed additional uncharged crimes to be admitted as evidence during his trial. The status of any appeal or post-conviction motions following the 2006 conviction is uncertain. However, May filed this action in the Western District of Kentucky on July 7, 2010. [Record No. 1] On August 20, 2010, the case was transferred to this district and division based on findings that most, if not all, of the defendants reside in this district and the plaintiff's cause of action originates from actions taken in Henry County, Kentucky. [Record No. 9]. Before the matter was transferred, May filed motions for injunctive relief and for production of discovery from the defendants. [Record Nos. 7 & 8]

# I. Plaintiff's Request for Injunctive Relief

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding whether the circumstances demand a preliminary injunction, the Court must "weigh carefully the interests on both sides." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975). The Sixth Circuit has developed a well-settled, four-factor test to direct the Court's inquiry. *See, e.g., Int'l Longshoremen's Ass'n v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991), *cert. denied,* 112 S. Ct. 63 (1991). The Court should consider: (1) whether there is a strong or substantial likelihood of success on the merits; (2) whether an injunction is necessary to prevent irreparable harm to the plaintiff; (3) whether granting the injunction will cause harm to others, including the defendant; and (4) whether the public interest favors granting the injunction. *Id.* There is no rigid formality required in applying these factors and they need not be given equal weight, they are meant to guide the Court in exercising its discretion. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). The plaintiff bears the burden of proving that an injunction is proper. *See Overstreet*, 305 F.3d at 573.

In the present case, none of the factors to be considered supports the relief requested by the plaintiff. May's request is premised on the assertion that, "one or more of the named defendants has contacted his family/relatives in an attempt to obtain his copy of the official transcript which contains the said possible official misconduct endured by plaintiff." Because May asserts that the "harassment endured by his family from the named defendants is personal

to him," he requests that the Court direct the defendants to have no contact with his family concerning any pending or future litigation pertinent to him. [Record No. 7]

May has not supported his allegations with affidavits or statements of the individuals who he claims have been contacted by or on behalf of the defendants. Further, he has not offered any support for the implication that if any contact occurred, it is illegal or improper in any way. Likewise, May has not offered any legal support for the claim that he may assert a cause of action for "harassment" to third parties.

Next, May has not demonstrated that he will suffer irreparable injury unless the relief requested is granted. May has not argued that he has the only transcript which supports his claims of improper contact. Additionally, he has not shown that third parties will be harmed or that the public interest favors granting injunctive relief. Accordingly, his request will be denied.

## II.     The Motion for Production of Discovery

May has also requested that the Court order Kentucky Court of Appeals to provide a certified copy of the record of the state court proceeding. The Court will decline this request for a number of reasons which include: (i) the Kentucky Court of Appeals is not a party to this action (and cannot be joined as a party); (ii) this Court has not conducted the initial screening of the plaintiff's complaint; and (iii) the parties may not commence discovery under the Federal Rules of Civil Procedure until this Court enters a Scheduling Order. Accordingly, it is hereby

**ORDERED** as follows:

1.      The plaintiff's Motion for Emergency Injunctive Relief [Record No. 7] is **DENIED**; and

2. The plaintiff's Motion for Production of Discovery [Record No. 8] is **DENIED**.

This 7th day of September, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge