UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DANNY LEE MAY, | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-55-DCR |
| V. | ) | |
| KAREN CONRAD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for an initial screening of Plaintiff Danny Lee May's complaint filed pursuant to 28 U.S.C. §§ 1915A and 1915(e). May filed this *pro se* civil rights action under 42 U.S.C. § 1983. May's complaint names four defendants: (1) Henry County Circuit Judge Karen Conrad; (2) Police Detective Carey Duncan; (3) Assistant Commonwealth Attorney Courtney Baxter; and (4) Assistant Public Advocate Elizabeth Curtain (collectively the "Defendants"). May brought suit against the Defendants in their individual capacities for alleged violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. For the foregoing reasons, May's complaint will be dismissed.

**I.   Background**

Plaintiff Danny Lee May is an inmate at the Luther Luckett Correctional Complex in LaGrange, Kentucky. On October 24, 2006, he was convicted in Henry County Circuit Court, pursuant to a guilty plea, of first-degree rape, first-degree sodomy, first-degree sexual abuse, intimidating a witness in a legal process, and being a persistent felony offender. His guilty plea

-1-

notwithstanding, May asserts that the Defendants' actions in investigating, prosecuting, defending, and presiding over his 2006 Henry County Circuit Court case resulted in unlawful convictions for these offenses. May seeks money damages, an injunction to prevent the Defendants from further alleged "arbitrary action," and any additional relief that the Court deems appropriate. [Record No. 1, p. 6]

May's complaint alleges a number of constitutional violations that he claims occurred leading up to his criminal conviction in Henry County Circuit Court. [Record No. 1, p. 4–5] He asserts that Duncan committed perjury before the grand jury and failed to adequately investigate the charges [Id.., p. 4]; Baxter submitted "erroneous authority" to the Court and failed to provide copies of an unpublished opinion she cited [*Id.*]; Judge Conrad improperly admitted evidence of prior offenses pursuant to KRE 404(b) [*Id.*]; Curtain improperly waived May's presence at a hearing and coerced him into an unknowing and involuntary plea [*Id.*, p. 4–5]; and all defendants acted on improper information and personal opinions, effectively preventing May from presenting his case to a fair and impartial jury [*Id.*, p. 5]. In other words, May complains that the procedures he was afforded leading up to his trial were improper and he was denied due process. However, a § 1983 civil suit is not the proper vehicle for addressing those concerns.

**II.     Analysis**

*Pro se* complaints are afforded a more liberal construction and are held to a less stringent standard than a similar pleading drafted by attorneys. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). This lower standard does

not, however, mean that a *pro se* plaintiff is entitled to bring every case to trial. *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

May is essentially asking the Court to review his state-court conviction for legal error. In other words, he is trying to appeal his case to this Court. Such an appeal is improper. Under the *Rooker-Feldman* doctrine, a federal court may not hear the appeal of a case already litigated in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). This doctrine precludes litigation "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005). May's bases for his cause of action all arise from proceedings that took place in a state court. He claims Judge Conrad improperly admitted evidence, attorneys improperly cited case law, and the officer provided false testimony. Each of his claims is "inextricably intertwined" with issues already decided in his state court proceeding. *See Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). A civil suit under § 1983 is not the proper avenue to re-litigate or appeal issues lost in state court. As such, this Court does not have subject matter jurisdiction to hear May's claims. *See McCormick v. Braverman*, 451 F.3d 382, 389 (6th Cir. 2006).

The Court's holding is reaffirmed by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that

the conviction or sentence has been overturned." *Id.* at 486–87. Thus, May must show that his conviction was invalid or has been set aside before he can assert a civil claim for money damages based on that prosecution. He has not done so here; May's conviction has not been overturned. May's guilty plea still stands, so he may not pursue claims under § 1983 resulting from that conviction. *See Griffin v. Wright*, No. 09-929, 2010 U.S. Dist. LEXIS 97943, at *2–3 (W.D. Mich Sept. 17, 2010).

Finally, both judges and prosecutors are entitled to immunity from civil suit in actions arising from judicial proceedings. *Stump v. Sparkman*, 435 U.S. 349, 356–62 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 430 1976). Judges have absolute immunity. And such immunity is not diminished even if the judge's exercise of authority is flawed or there are procedural errors. *Stump*, 435 U.S. at 359. Prosecutors are immune from suit for activities intimately associated with the judicial phase of the criminal process. *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). So long as the decision is not "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification," the prosecutor is immune from liability based upon his or her decisions regarding the initiation of prosecution. *Wayte v. United States*, 470 U.S. 598, 608 (1985). In this case, all of May's claims arise from functions associated with the judicial process. As a result, both Baxter and Judge Conrad are entitled to immunity from suit.

### III. Conclusion

The Court finds that May's claim is frivolous and merits dismissal. The Court does not have subject matter jurisdiction over May's claims which essentially appeal state-court decisions.

Further, May's claims would disrupt his underlying conviction and sentence, which the Court cannot do in a civil claim. Finally, some of the Defendants are entitled to immunity from actions taken within a judicial proceedings. Accordingly, it is hereby

**ORDERED** that Plaintiff Danny Lee May's Fifth, Sixth, Eighth, and Fourteenth Amendment claims under 42 U.S.C. § 1983 [Record No. 1] are **DISMISSED**, with prejudice.

This 14th day of December, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge